UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
MAY 10 2012

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 12-40031 |
| Plaintiff, | |
| vs. | REPORT and RECOMMENDATION (Motion to Dismiss, Doc. 19) |
| TERRY BLACK LANCE | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is Defendant's Motion to Dismiss Indictment (Doc. 19). The Motion presents purely an issue of law; no hearing was held. The parties advised the Court the matter could be determined based on their written submissions. Both parties have submitted briefs. Based on a careful consideration of counsel's written submissions, the Court respectfully makes the following:

## RECOMMENDATION

It is respectfully recommended that Defendant's Motion to Dismiss be **DENIED.**

## JURISDICTION

Defendant is charged in an Indictment with Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250(a). The pending Motion to Dismiss was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated March 18, 2010.

## FACTUAL BACKGROUND[1]

In 1993, Defendant, Terry Black Lance (Black Lance) was convicted of aggravated sexual abuse of a minor in violation of 18 U.S.C. § 2241(c). A federal court sentenced him to 144 months incarceration. On July 27, 2006, Congress enacted the federal Sex Offender Registration and Notification Act (SORNA). SORNA requires persons convicted of sex offenses to periodically register as sex offenders for the rest of their lives. 42 U.S.C. §§ 16911(4)(A)(I), 16913, 16915(a)(3), 16916(3).

---

[1] The facts are gleaned from the parties' briefs. The facts pertinent to the pending motion are not in dispute.

SORNA mandates that sex offenders must register before they are released from prison, or if they are not sentenced to prison, within three days of sentencing. 42 U.S.C. § 16913(b). As for sex offenders convicted before July 27, 2006 (the date SORNA was enacted) Congress authorized the Attorney General "to specify the applicability of this title to sex offenders convicted before the enactment of this Act . . . and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders unable to comply with" initial registration requirements. 42 U.S.C. § 16913(d). Black Lance had been released from federal prison and had registered as a sex offender under South Dakota state law before July 27, 2006.

On February 28, 2007, the Attorney General promulgated an Interim Rule that the requirements of SORNA applied to sex offenders convicted before the enactment of SORNA; the Attorney General's Final Rule was promulgated on December 29, 2010 and became effective thirty days later on January 28, 2011. *Reynolds v. United States*, 132 S.Ct. 975, 979 (2012) *citing* 28 C.F.R. § 72.3 and 75 Fed. Reg. 81849 (2010).

Failure to register as required by SORNA is criminalized at 18 U.S.C. § 2250. On March 7, 2012, a grand jury indicted Black Lance for failure to register as a sex offender in violation of SORNA. Black Lance now moves to dismiss the Indictment. The basis for Black Lance's Motion to Dismiss is his contention that the provision of SORNA found at 42 U.S.C. § 16913(d), which authorizes the Attorney General to specify its applicability "to . . . sex offenders convicted before [its] the enactment . . ." constitutes an unconstitutional delegation of Congress's legislative authority to the Attorney General.

## DISCUSSION

### Standard of Review

Whether 42 U.S.C. § 16913(d) constitutes a violation of the non-delegation doctrine is purely a question of law. The denial of a motion to dismiss an indictment where the denial depends solely upon a question of law is reviewed de novo at all levels. *United States v. Hatcher*, 560 F.3d 222, 224 (4th Cir. 2009).

### 1. The *Reynolds* and *Fernandez* Cases

The non-delegation issue has been raised by defendants in the Eighth Circuit but the Eighth Circuit has never directly addressed the issue. The issue has never been directly addressed because until recently, the position of the Eighth Circuit had been that "only those *unable to register* before the SORNA's enactment . . had standing to challenge § 16913(d) as a violation of the non-delegation doctrine."[2] *United States v. Fernandez,* 671 F.3d 697, 698 (8th Cir. 2012), *citing United States v. May,* 535 F.3d 912 (8th Cir. 2008) (emphasis added). In *Reynolds v. United States,* 132 S.Ct. 975, 979 (2012), however, the United States Supreme Court clarified that *all* pre-SORNA sex offenders have standing to bring challenges to the validity of the Attorney General's rule-making authority. "*May* . . . ha[s] been superseded by . . . *Reynolds* . . .Because [the defendant] committed the underlying sex offenses prior to the SORNA's implementation, he is subject to the Attorney General's authority to make rules under [42 U.S.C.] § 16913(d), and has standing to challenge the grant of that authority by Congress . . . [the defendant] has standing to raise his non-delegation claim, and we remand for the district court to consider that claim on the merits." *United States v. Fernandez,* 671 F.3d 697, 698 (8th Cir. 2012). Pursuant to *Reynolds v. United States,* 132 S.Ct. 975, 979 (2012) and *United States v. Fernandez,* 671 F.3d 697 (8th Cir. 2012) Black Lance, therefore, has standing to bring his non-delegation challenge to 42 U.S.C. § 16913(d). That he has standing, however, is a hollow victory for Mr. Black Lance in light of the overwhelming authority which weighs against the merits of his legal argument.

### 2. The Non-Delegation Doctrine

The non-delegation doctrine is derived from Article 1 Section 1 of the United States Constitution which states in relevant part:

> All legislative powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and a House of Representatives.

The doctrine is based upon the principle of separation of powers, and holds that "Congress manifestly is not permitted to abdicate or to transfer to others the essential legislative functions with which it is [constitutionally] vested." *United States v. Ambert,* 561 F.3d 1202, 1212-13 (11th

---

[2] Recall Black Lance had been released from federal prison and had registered as a sex offender under South Dakota state law prior to the passage of SORNA on July 27, 2006.

Cir.2009) *citing Panama Ref. Co. v. Ryan*, 293 U.S. 388, 421, 55 S.Ct. 241, 79 L.Ed.2d 446 (1935). The reality, however, is that "some amount of delegation is unavoidable, and the limits on delegation are frequently stated but rarely invoked: the Supreme Court has not struck down a statute on nondelegation grounds since 1935." *United States v. Whaley*, 577 F.3d 254, 263 (5th Cir. 2009). The modern test is "whether Congress has provided an 'intelligible principle' to guide the agency's regulations. *Id.* The intelligible principle can be broad. *Id.* In *American Power & Light Co. v. Securities and Exchange Commission*, 329 U.S. 90, 67 S.Ct. 133, 91 L.Ed.2d 103 (1946) the United States Supreme Court explained that the delegation of duties is permissible and will withstand a non-delegation challenge if Congress: (1) clearly delineates the general policy; (2) the agency which is to apply it; and (3) the boundaries of the delegated authority. *Id.* 329 U.S. at 105, 67 S.Ct. at 142.

Found to have passed the intelligible principle test articulated in *American Power & Light* were the provisions of the Clean Air Act which instruct the Environmental Protection Agency to set ambient air quality standards at levels "requisite to protect the public health." *See* 42 U.S.C. § 7409(b)(1) analyzed in *Whitman v. American Trucking Assns.* 531 U.S. 457, 472, 121 S.Ct. 903, 912-13, 149 L.Ed.2d 1 (2001). In *Whitman* the Supreme Court characterized the language of that statute as "well within the outer limits" of the boundaries of an acceptable intelligible principle. *Id.* 531 U.S. at 474, 121 S.Ct. at 913. Other examples cited by the Supreme Court in *Whitman* of language in statutes found to pass the intelligible principle test (and therefore not violative of the non-delegation doctrine) were: (1) wartime conferral of agency power to fix the prices of commodities at a level that '*will be generally fair and equitable and will effectuate the purposes of the Act*'; (2) the Security and Exchange Commission's authority to modify the structure of holding company systems to ensure they are not '*unduly or unnecessarily complicated*' and '*do not unfairly or inequitably distribute voting power among security holders*'; and (3) various statutes authorizing regulation in the '*public interest*' citing specifically the Federal Communications Commission's power to regulate the airwaves and the Interstate Commerce Commission's power to approve railroad consolidations). *Id.,* 531 U.S. at 474, 121 S.Ct. 913. "In short, we have almost never felt qualified to second-guess Congress regarding the permissible degree of policy judgment that can be left to those executing or applying the law." *Whitman.* 531 U.S. at 474, 121 S.Ct. 913, *citing Mistretta v. United States*, 488 U.S. 361, 416, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) (Scalia,

4

dissenting). It is against this strong headwind that Black Lance challenges on non-delegation grounds the Attorney General's authority to determine SORNA's applicability to pre-Act offenders.

### 3. 42 U.S.C. § 16913(d) Does Not Violate the Non-Delegation Doctrine

The specific portion of SORNA Black Lance challenges is § 16913(d). That section provides:

> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b).

The Eighth Circuit Court of Appeals has not yet directly addressed whether this section of SORNA violates the non-delegation doctrine. Every Circuit Court of Appeals and every District Court which has directly addressed the issue, however, has rejected the non-delegation challenge. A sampling of the Courts which have rejected non-delegation challenges to the above-cited section of SORNA are listed below:

Courts of Appeal:

*United States v. Guzman*, 591 F.3d 83 (2d. Cir. 2010)
*United States v. Rogers*, 2012 WL 698890 (4th Cir. 2012)
*United States v. Whaley*, 577 F.3d 254 (5th Cir. 2009)
*United States v. Felts*, 674 F.3d 599 (6th Cir. 2012)
*United States v. Dixon*, 551 F.3d 578 (7th Cir. 2008) *rev'd on other grounds by Carr v. United States*, 130 S.Ct. 2229 (2010)
*United States v. Ambert*, 561 F.3d 1202 (11th Cir. 2009)

District Courts:

*United States v. Cotton*, 760 F.Supp.2d 116 (D. Dist. Col. 2011)
*United States v. Goodwin*, 2012 WL 984268 (C. D. Ill. 2012)
*United States v. Kuehl*, 2012 WL 844321 (N.D. Ia. 2012)
*United States v. Lunsford*, 2012 WL 828039 (W.D. Mo. 2012)
*United States v. Sudbury*, 2012 WL 925960 (W.D. Wash. 2012)
*United States v. Sherman*, 784 F.Supp.2d 618 (W.D. Va. 2011).

More important than the number of Courts which have rejected the non-delegation challenge, however, is the analysis put forth in their opinions and whether it comports with the model for an intelligible principle which was explained in *American Power & Light Co. v. Securities and Exchange Commission*, 329 U.S. 90, 67 S.Ct. 133, 91 L.Ed.2d 103 (1946). The most oft-cited case and analysis is *United States v. Ambert*, 561 F.3d 1202 (11th Cir. 2009).

5

In *Ambert*, the Court analyzed the powers delegated to the Attorney General pursuant to 42 U.S.C. § 16913(d) of SORNA compared to the permissible boundaries of delegation as articulated in *American Power & Light*:

> ...Congress has provided the Attorney General with 'intelligible principles' in the Sex Offender Registration and Notification Act. Congress has undeniably provided the Attorney General with a policy framework in § 16901 to guide his exercise of discretion under § 16913(d); and it has made a series of legislative judgments in §§16911, 16913, 16914, and 2250 that constrict the Attorney General's discretion to a narrow and defined category.
>
> In the first place, Congress has broadly set policy goals that guide the Attorney general in how to apply his discretion. Congress enacted SORNA with the specific design to provide the broadest possible protection to the public, and to children in particular, from sex offenders. Section 16901 expressly sets forth the congressional purpose in these terms: 'In order to protect the public from sex offenders and offenders against children and in response to the vicious attacks by violent predators against the victims listed below, Congress in this chapter establishes a comprehensive national system for the registration of those offenders.' 42 U.S.C. § 16901. By setting forth the broad policy goal of protecting the public and seeking a 'comprehensive' national registry, Congress has suggested that the Attorney General should require pre-2006 sexual offenders to register to the extent that he determines it would contribute to the protection of the public and the comprehensiveness of a national sex offender registry.
> \*\*\*
> In the second place, Congress made virtually every legislative determination in enacting SORNA, which has the effect of constricting the Attorney General's discretion to a narrow and defined category. Thus, for example, Congress defined the crimes which necessitate registration (42 U.S.C. § 16911); where the offender must register (42 U.S.C. § 16913(a)); the time period for registration (42 U.S.C. § 16913(b)); the method of registration (42 U.S.C. § 16913(b)(c); the nature of information that registrants must provide (42 U.S.C. § 16914(a)(1)-(7); the elements of the new federal crime (18 U.S.C. § 2250(a)); and the penalty for violation (18 U.S.C. § 2250(a)). These legislative determinations, read *in pari materia* with § 16913(d), have informed the delegation to the Attorney General in a sufficiently clear way. The Attorney General is left only with the discretion to determine whether the statute and all of its attendant requirements articulated by the legislature apply to a particular, capped class of offenders-i.e. those convicted prior to July 27, 2006. *Congress has unambiguously delineated its general policy, the public agency to which it is to apply, and the boundaries of the delegated authority.*

*Ambert*, 561 F.3d at 1213-14 (emphasis added). *See also United States v. Guzman* 591 F.3d 83, 93 (2d Cir. 2010) citing *Ambert* and noting ("the Attorney General cannot do much more than simply determine whether or not SORNA applies to those [pre-Act] individuals and how they might comply as a logistical manner. . . .The Supreme Court has upheld much broader delegations than these.").

6

This Court agrees with the above analyses, and joins the overwhelming number of courts which have determined SORNA, 42 U.S.C. § 16913(d) does not result in the impermissible delegation of Congressional legislative functions to the Attorney General. For this reason, Mr. Black Lance's Motion to Dismiss should be denied.

## CONCLUSION

For the reasons more fully explained above, it is respectfully RECOMMENDED to the District Court that Defendant's Motion to Dismiss (Doc. 19) be DENIED.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986).

Dated this 10 day of May, 2012.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge